**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Jesse Aron Ross, *et al*.,<br><br>                     Plaintiff,<br><br>vs.<br><br>Calvin Johnson, *et al*,<br><br>                     Defendants. | 2:22-cv-00259-CDS-VCF<br><br>**ORDER**<br><br>Plaintiff's Motion for Leave to Amend Complaint [ECF No. 55] |

Plaintiff Jesse Aron Ross filed a motion for leave to amend the complaint (ECF No. 55). I grant the motion to amend.

**I.     Background**

Plaintiff Jesse Ross is incarcerated. He filed this lawsuit on February 11, 2022. Ross sued former High Desert State Prison Warden Calvin Johnson, HDSP Associate Warden Julie Williams, and former Governor Steve Sisolak. Ross claimed that these Defendants unconstitutionally deprived him of adequate outdoor exercise. Ross alleged that, in response to the COVID-19 pandemic, Warden Johnson and Associate Warden Williams placed HDSP on modified operations and between March 18, 2020 and January 1, 2021, Ross got less than 20-hours of outside exercise. Ross also alleged that Warden Johnson placed HDSP on 24-hour lock down from January 7, 2022 until February 9, 2022.

Plaintiff argues in his motion to amend that he needs to add new defendants to his complaint, namely, current HDSP Warden Brian Williams, former NDOC Director Charles Daniels, NDOC Deputy Director Harold Wickham, HDSP Associate Wardens James Scally, Jeremy Bean, Ronald Oliver, and former Governor Sisolak. ECF No. 65 at 2. Ross also wants to supplement his complaint to include allegations of deprivations of outdoor exercises that occurred in August, September, October, November, and December of 2022. *Id.*

1      Defendants argue in the response that plaintiff's attempt to add parties to the claims regarding

2  deprivations dated between March 18, 2020 and January 1, 2021 should be denied because the

3  allegations do not relate back under FRCP 15(C) and they are barred by the statute of limitations. ECF

4  No. 65 at 4. Defendants also argue that it is improper for the plaintiff to expand the timeframe of his sole

5  cause of action. *Id.* Plaintiff argues in his reply that, "[t]he defendants (sic) arguments should be

6  submitted in a motion to dismiss." ECF No. 67 at 2.

7      The deadline to amend pleadings passed April 3, 2023. ECF No. 29. Plaintiff filed the motion to

8  amend on April 7, 2023, but he signed the motion on April 5, 2023, given that he mailed it to the Court.

9  ECF No. 55.

10     **II.     Discussion**

11     "[A] party may amend its pleading only with the opposing party's written consent or the court's

12  leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a

13  motion filed after the scheduling order cut-off date where no request to modify the order has been made.

14  *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).  The

15  standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in

16  attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*,

17  975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a

18  motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of

19  amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356

20  F.3d 1067, 1077 (9th Cir. 2004).

21      "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer

22  consideration of challenges to the merits of a proposed amended pleading until after leave to amend is

23  granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D.

24  Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal

standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The plaintiff has not previously sought leave to amend the complaint. Diligence weighs slightly in the defendants' favor in this case, but this is a close call in this case. Although plaintiff's motion to amend is untimely since the motion to amend has passed, I recognize that plaintiff faces many obstacles as an incarcerated, pro se litigant. Plaintiff only missed the deadline to amend by a few days, which includes a few days for mailing. On balance I find that there is no undue delay based on these facts. I warn plaintiff, however, that he is expected to follow this court's deadlines, like other litigants in this court, going forward.

I also find that the plaintiff appears to be seeking an amendment in good faith since his proposed amendments are narrowly tailored as he does not attempt to add any new causes of action. Defendants will not be prejudiced because they can move to dismiss the amended complaint. I find that the plaintiff has met the requirements for amendment. Since futility would be better addressed through a motion to dismiss or motion for summary judgment, and a finding of futility is rare, I do not reach the issue of futility.

Accordingly,

I ORDER that plaintiff Ross's motion for leave to amend its complaint (ECF No. 55) is GRANTED.

I FURTHER ORDER the Clerk of Court to file the amended complaint (ECF No. 55-1) on the docket.

I FURTHER ORDER the Nevada Attorney General's Office to file a notice on the docket by Friday, May 19, 2023 regarding whether they will accept electronic service for the newly added defendants.

IT IS SO ORDERED.

DATED this 12th day of May 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE