UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jesse Aron Ross,

           Plaintiff

v.

Calvin Johnson, *et al.*,

           Defendants

Case No. 2:22-cv-00259-CDS-VCF

**Order Renewing Preliminary Injunction & Appointing Counsel**

      Plaintiff Jesse Aron Ross, who is incarcerated and proceeding pro se, brings this civil-rights lawsuit based on the defendants' alleged denial of outdoor exercise time for him at High Desert State Prison (HDSP). I previously determined that Ross is entitled to preliminary injunctive relief, as Ross has demonstrated (1) a likelihood of success on the merits of his Eighth Amendment claim, (2) a likelihood of irreparable harm resulting from a lack of outdoor exercise, (3) that the balance of hardships favors him, and (4) that the injunction is in the public interest. Order Granting Prelim. Inj., ECF No. 44. I ordered that the defendants must provide Ross with "at least seven hours of access to outdoor exercise per week, subject to temporary limitations when a genuine emergency arises." *Id.* at 12. The injunction went into effect on March 3, 2023, but Ross filed various motions in April and May suggesting that the defendants were not complying with it. *See e.g.*, ECF Nos. 47, 62, 76. The defendants agree that Ross is not getting the outdoor exercise time that I ordered, but they contend that staffing shortages at the prison have resulted in an ongoing temporary emergency such that additional outdoor exercise time would strain the prison's ability to maintain safety and security. Bean Decl., ECF No. 71-1.

      I held a hearing on June 2, 2023, to hear additional testimony from the defendants as to why they are not complying with my injunction order. ECF No. 89. The representations of

defendant Brian Williams, Sr. (warden of HDSP) and nonparty Kristina Shea (deputy director of support services at the Nevada Department of Corrections) demonstrate that the staffing shortage at HDSP is not temporary and that ongoing constitutional violations—at least, in the form of inmates being denied outdoor exercise—are likely to continue.

I.  **Order renewing preliminary injunction.**

"Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). My order granting the preliminary injunction went into effect on March 3, 2023, and I made the findings required by § 3626(a)(1) on the record at the June 2, 2023, hearing. ECF No. 89. For clarity, I reproduce those findings here in written form.

The Prison Litigation Reform Act (PLRA) sets the standards for when a court may grant prospective relief concerning prison conditions. It instructs that a "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The PLRA "mean[s] just what it says—before granting prospective injunctive relief, the trial court must make the findings" the PLRA mandates. *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). The Ninth Circuit has described them as "need-narrowness-intrusiveness" findings and reviews them for clear error. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010); *Brown v. Plata*, 563 U.S. 493, 541 (2011).

A.  *Need*

Upon finding (1) an ongoing violation of a plaintiff's rights at the prison and (2) a common source of those violations, a district court can satisfy the "need" finding of the need-narrowness-intrusiveness test. *See, e.g., Armstrong v. Newsom*, 58 F.4th 1283, 1293–94 (9th Cir. 2023). The undisputed evidence in the record thus far demonstrates ongoing constitutional

violations at HDSP. Ross's testimony and the exhibits he has produced demonstrate a lack of constitutionally adequate outdoor exercise, and the declarations of prison officials describing the reasons for the lack of outdoor time confirm Ross's allegations. Indeed, Warden Williams testified at the recent hearing that under these circumstances, NDOC cannot comply with the injunction and cannot even guarantee that Ross would have two hours of weekly outdoor exercise time, let alone the injunction-mandated seven. HDSP is currently woefully understaffed. It has 128 vacant positions (approximately a 26% vacancy rate), including 116 vacant correctional officer positions. ECF No. 71-1 at 3. The Associate Warden of HDSP admits that while the department "has always struggled to fill vacancies, the past three years have been exceptionally difficult." *Id.* Warden Williams reiterated this when he indicated that since he had started at the NDOC in 2005, there were always staffing shortages, but that the COVID-19 pandemic exacerbated the challenges. These vacancies have resulted in modified program operations at the prison, effectively curtailing many of the services available to inmates. ECF No. 89. Warden Williams testified that HDSP is frequently below minimum staffing levels (as defined by the number of positions approved by the Nevada legislature to work at HDSP) and that modified program operations occur "all of the time." *Id.* He estimated the ratio of correctional officers to inmates at HDSP is currently one to 51. And these issues are not temporary: Deputy Director Shea testified that the barriers to hiring and retaining more staff will not disappear in the immediate future and that onboarding a new correctional officer can take months, if not longer. *Id.*

But staffing limitations, which the defendants cite as justification for their wholesale deprivation of Ross's Eighth Amendment rights, do not present an adequate basis to obviate the need for injunctive relief. *See Shorter v. Baca*, 985 F.3d 1176, 1186 (9th Cir. 2018). "If the injury is the result of . . . policies or practices pervading the whole system," system-wide relief is appropriate even if only a "relatively small number of plaintiffs" are injured. *Schwarzenegger*, 622 F.3d at 1072–73 (quoting *Armstrong v. Davis*, 275 F.3d 849, 870 (9th Cir. 2001)). As already noted, this situation

is no longer temporary. There is thus a clear need for injunctive relief ordering the defendants to remedy the ongoing constitutional violations.

      B. *Narrowness*

"[T]he constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates." *Shorter*, 895 F.3d at 1185. The injunction issued in this case is meant to provide Ross with seven hours of outdoor exercise per week, which amounts to one hour of outdoor exercise per day. It is hard to envision a narrower injunction than the one I have already issued; my prior directive instructed the defendants to vindicate Ross's constitutional right but did not place any significant burden on prison officials in how they might achieve that goal.

      C. *Intrusiveness*

Under the PLRA, "[t]he overarching inquiry is 'whether the same vindication of federal rights could have been achieved with less involvement by the court in directing the details'" of prison operations. *Armstrong v. Brown*, 768 F.3d 975, 983–84 (9th Cir. 2014) (quoting *Schwarzenegger*, 622 F.3d at 1071). A district court may, however, "provide specific instructions to the [s]tate without running afoul of the PLRA." *Id.* at 986. In particular, when a district court "has previously tried to correct the deficiencies" in prison operations "through less intrusive means, and those attempts have failed, relief prescribing more specific mechanisms of compliance is appropriate." *Id.* This court has tried—and failed—to rectify the ongoing constitutional violations at HDSP via less intrusive means. Ross brought this case after HDSP officials limited outdoor exercise "for up to [six] months straight at one point," and between March 18, 2020, and January 1, 2021, he alleges he received "less than 20 hours of outdoor exercise." Compl., ECF No. 1-1 at 4. During the pendency of this suit, Ross was denied outdoor exercise with similar frequency. I thus granted Ross preliminary injunctive relief and required HDSP officials to provide him with at least seven hours of access to outdoor exercise per week. Order, ECF No. 44. But that injunction has not seemed to impact the status quo, as Ross

received a mere nine hours of outdoor exercise during the entire month of March 2023 and only eight hours during the entire month of April 2023. ECF No. 76 at 2.

Because I find that the injunctive relief I previously ordered still comports with this Circuit's standards for the need, narrowness, and intrusiveness of injunctive relief under the PLRA, I hereby renew my prior injunction (ECF No. 44) for another ninety days.

## II.     I sua sponte appoint counsel for Ross.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Eusse v. Duarte*, 2013 WL 5936366, at *1 (S.D. Cal. Nov. 1, 2013) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981)). Nonetheless, under federal law describing procedure for indigent persons, "[t]he court may request an attorney to represent any person unable to afford counsel" once he has been granted IFP status. 28 U.S.C. § 1915(e)(1). It may do so "only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (discussing precursor to the same statute). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

I already found a likelihood of success on the merits of Ross's lawsuit when I issued my order granting a preliminary injunction. The ex-post briefing from the defendants and the records produced by Ross only confirm that prior finding by demonstrating that Ross is, indeed, suffering from a lack of outdoor exercise time. While Ross has demonstrated a rather impressive ability to articulate his claims pro se thus far, I find that the complexity and scope of the legal issues involved and those that could arise in the natural course of this litigation warrant the appointment of counsel for Ross. So with both § 1915(e)(1) factors weighing in Ross's favor, I find that sua sponte appointment of counsel is appropriate here.

III.     Conclusion

     IT IS THEREFORE ORDERED that the injunctive relief ordered in the March 3, 2023, order (ECF No. 44) is RENEWED. The preliminary injunctive relief set forth in that order—requiring that Ross be given seven hours of outdoor exercise time per week—is RENEWED for an additional 75 days from June 2, 2023.

     IT IS FURTHER ORDERED that this case be referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

     IT IS FURTHER ORDERED that the Clerk forward this order to the Pro Bono Liaison.

DATED: June 6, 2023

_____
Cristina D. Silva
United States District Judge