UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jesse Aron Ross,

    Plaintiff

v.

Calvin Johnson, *et al.*,

    Defendants

Case No. 2:22-cv-00259-CDS-VCF

**Order Denying Plaintiff's Motion for Appointment of a Special Master, Granting Plaintiff's Motion for Transcripts, Denying as Moot Plaintiff's Motions for Clarification and for Transport, and Sua Sponte Temporarily Extending the Preliminary Injunction**

[ECF Nos. 91, 96, 97, 107]

  Incarcerated pro se plaintiff Jesse Aron Ross brings this § 1983 action in response to High Desert State Prison's (HDSP) inadequate provision of access to outdoor exercise for Ross. He previously moved for a preliminary injunction, seeking an order requiring HDSP to provide him with adequate outdoor exercise time, which was granted.[1] Following an extension, the injunction is still in place.[2] And after the last hearing on the injunction, Ross filed a motion to appoint a special master; a motion for a copy of the transcript from the June 2, 2023, hearing; and a motion for clarification. Defendants filed an opposition to Ross's motion for appointment of a special master but did not respond to the other two motions. Ross also recently filed a motion to transport him to an upcoming hearing.

  For the reasons set forth herein, I deny Ross's motion for appointment of a special master, grant his motion for a copy of the transcript from the June hearing, and deny as moot his motions for clarification and for transport. Lastly, I sua sponte extend the preliminary injunction until after the next hearing, which was continued at the defendants' request.

---

[1] *See* ECF No. 44.
[2] *See* ECF No. 90.

## Discussion

I. **Ross's motion for appointment of special master (ECF No. 91) is denied without prejudice.**

Ross moves for appointment of a special master under Federal Rule of Civil Procedure 53. *See generally* ECF No. 91. That rule states:

> "Unless a statute provides otherwise, a court may appoint a master only to:
>
> (A) perform duties consented to by the parties;[3]
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
> (i) some exceptional condition; or
>
> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1). When appointing a special master, "the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). A district court has discretion to not appoint a special master and can set the extent of any duties assigned to them. *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1138 (9th Cir. 2002). The Advisory Committee notes to Rule 53 instruct that a pretrial special master "should be appointed only when the need is clear." Fed. R. Civ. P. 53 (2003 Adv. Comm. Notes); *see also La Buy v. Howes Leather Co.*, 352 U.S. 249, 259, reh'g denied, 352 U.S. 1019 (1957) (noting that special masters are to be used sparingly and only when the use of the court's time is not justified).

---

[3] This section is not applicable, as the defendants do not consent to the appointment of a special master. *See* Defs. Resp., ECF No. 92.

1    There is no present need to appoint a special master in this case. Based on the
information before the court, it appears that the Nevada Department of Corrections (NDOC) is
attempting to comply with the injunction I issued mandating Ross's access to outdoor time. The
court has an upcoming hearing—reset for August 28, 2023—at which I will conduct a further
evaluation of NDOC's attempted compliance. Stated otherwise, Ross does not present any
exceptional condition necessitating a special master. And, to date, the court has been able to
address pre-trial matters—to include monitoring NDOC's compliance with the injunction—and
there do not appear to be any contentious discovery issues, rendering subsection (C) of Rule 53
inapplicable to this case. To date, this case has involves a single plaintiff, and does not have any
complex discovery or other litigation issues. *See e.g.*, *Sec'y of Labor Tom Perez v. Sw. Fuel Mgmt., Inc.*,
2017 WL 10574066, *1 (C.D. Cal. 2017) (appointing a special master where discovery had been
"extensive, complicated[,] and contentious"). Accordingly, I decline to appoint a special master
at this time and deny Ross's motion without prejudice.

**II.    Ross's motion for a copy of the transcript from the June 2, 2023, hearing (ECF No. 96) is granted.**

Ross's motion for a copy of the transcript (ECF No. 96) from the June 2, 2023, hearing is granted.[4] I grant the motion because Ross may need to reasonably rely upon the transcript at future stages of this litigation, to include the upcoming August 28, 2023, hearing. Moreover, during the June hearing, I ordered the parties to exchange discovery. The transcript may be helpful to ensure that both parties complied with my order.

**III.    Ross's motion for clarification (ECF No. 97) is denied as moot.**

Ross filed a motion for clarification on July 26, 2023, seeking information regarding whether the Nevada Attorney General's Office would be accepting service for newly added defendants. ECF No. 97. On August 8, 2023, the AG's Office filed notice that it accepted notice

---

[4] The court previously granted Ross's *in forma pauperis* application. ECF No. 13. Ross remains an incarcerated litigant.

of Ross's first-amended complaint (FAC) on behalf of current NDOC employees Jeremy Bean; Ronald Oliver; Harold Wickham; Brian Williams, Sr.; and Julie Williams, along with former NDOC employees Charles Daniels, Calvin Johnson, and James Scally. ECF No. 99 at 1. That same notice stated the AG's Office has not been authorized to accept service on behalf of Governor Joseph Lombardo. *Id.* at 2. The August 8th notice renders Ross's motion for clarification moot, so I deny it.

### IV. Ross's motion to transport (ECF No. 107) is denied as moot.

Ross also moves for a transport order so that he can attend the recently rescheduled status hearing on August 28, 2023. ECF No. 107. But an order to produce Ross for the hearing was already issued on August 15, 2023. ECF No. 106. It is likely that because Ross is incarcerated, he may not have received the order before making his motion. Thus, because the relief he seeks has already been granted, Ross's motion to transport (ECF No. 107) is denied as moot.

### V. The preliminary injunction (ECF No. 44) is extended until August 29, 2023.

During the June 2, 2023, hearing, I ordered that Ross's preliminary injunction be extended by an additional 75 days. I set another hearing as to the injunction for August 16, 2023—before the expiration of the injunction. On August 14, 2023, the AG's Office moved to continue the hearing due to illness. ECF No. 104. Finding good cause, I granted that motion and reset the hearing on Ross's injunction to August 28, 2023. ECF No. 105. Because my prior order extended the injunction by only 75 days from June 2, 2023, I hereby sua sponte extend the injunction until August 29, 2023. Such an extension will allow the court to consider additional information submitted by the parties regarding injunction.

Conclusion

IT IS THEREFORE ORDERED that Ross's motion for appointment of a special master **[ECF No. 91] is DENIED** without prejudice.

IT IS FURTHER ORDERED that Ross's motion to for a copy of a transcript from the June 2, 2023, hearing **[ECF No. 96] is GRANTED.** The Clerk of Court is directed to prepare a copy of the hearing transcript at the government's expense and to mail a copy of the official hearing transcript to Ross.

IT IS FURTHER ORDERED that Ross's motion for clarification **[ECF No. 97]** and his motion to transport **[ECF No. 107] are DENIED** as moot.

IT IS FURTHER ORDERED that the injunctive relief ordered in the March 3, 2023, order (ECF Nos. 44; 90) is RENEWED and EXTENDED until at least August 29, 2023.

DATED: August 18, 2023

_____
Cristina D. Silva
United States District Judge