UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesse Aron Ross, | Case No. 2:22-cv-00259-CDS-VCF |
| Plaintiff | **Order Renewing Preliminary Injunction for 30 days** |
| v. | |
| Calvin Johnson, et al., | |
| Defendants | |

Incarcerated plaintiff Jesse Aron Ross brings this civil rights lawsuit based on the defendants' alleged denial of his outdoor exercise time at High Desert State Prison (HDSP). I previously determined that Ross is entitled to preliminary injunctive relief. *See* Order Granting Prelim. Inj., ECF No. 44. I have extended the injunction several times after finding a continued need to do so. ECF Nos. 89, 108, 113, 123. I held a hearing on December 21, 2023, to hear additional arguments regarding whether there was a need to further extend the preliminary injunction. Min. of Proceedings, ECF No. 139. At the conclusion of the hearing, I took the matter under advisement and permitted the parties to file supplemental information[1] relevant to my determination. *Id.* Having considered the arguments set forth by the parties, together with the status reports and supplemental information provided to the court, I hereby extend the injunction for another 30 days at which time the injunction will expire.

I.       **Legal Standard**

I adopt and incorporate as if fully set forth herein the law regarding renewing preliminary injunctions. *See* ECF No. 90 at 2–5.

---

[1] Both parties filed supplemental reports. *See* ECF No. 140; ECF No. 141.

## II.        Discussion

As noted during the last three status hearings, there appears to be improvement in providing Ross access to time out of his cell, including outdoor (yard), gym, and chapel time. *Compare* ECF No. 11 (Ross asserting he had not received yard time for almost 60 days between August and September 2022), *and* Yard Log, Pl.'s Ex. C, ECF No. 12 at 18–28 (Ross's notes showing long stretches of time without yard or gym time between July, September, and October of 2022), *with* ECF No. 137 (Ross notating he was allotted between 8 and 24.9 hours of yard time for March to November of 2023), ECF No. 121 (Joint Status Report showing that Ross was offered yard time, tier time, shower & phone, law library time, and/or gym time with regularity between August and October 2023), *and* ECF No. 130 (defendants' status report showing that Ross was offered yard time, tier time, shower & phone, law library time, and/or gym time with regularity between October 2023 and December 2023).

The record in this case shows that HDSP has made considerable effort to address the deprivation of adequate opportunity for Ross to exercise, and time outside of his cell, as required by the Eight Amendment. The improvements to Ross's access to yard time and other time outside of his cell have occurred despite the continued staffing shortages and frequent lockdowns. At the same time, I do not disagree with Ross that the prison falls short of 100% compliance and that understaffing and lockdowns remain an issue. In fact, as argued by Ross and not disputed by defendants during the December 21, 2023 status hearing, there has been a recent uptick in lockdowns due to staffing shortages that are exacerbated by the holidays.

But, as the parties are aware, a mandatory injunction "orders a responsible party to 'take action.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). And because a mandatory injunction goes beyond maintaining the status quo, this court **must** deny such relief "unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (citations omitted) (emphasis added). I issued an injunction in March of this year because, given the long periods of deprivation of

1  outdoor time and facility lockdowns, Ross met his burden showing injunctive relief was

2  warranted. *See Wright v. Rushen*, 642 F.2d 1129, 1134 (9th Cir. 1981) (explaining that *Spain v.*

3  *Procunier*'s[2] approval of an order mandating outdoor exercise was based on "the cumulative effect

4  of related prison conditions."). Since then, the facts have shifted: Ross now has greater access to

5  time outside of his cell, including yard time. Thus, in balancing the information now before the

6  court, I no longer can find that the facts and law favor Ross in continuing the injunction another

7  90 days. However, given the agreement that there has been an increase in lockdowns during the

8  holidays, immediate dissolution of the injunction is not warranted. Rather, the injunction will

9  remain intact for an additional 30 days, at which time it will expire. I find that the 30-day

10 extension comports with this circuit's standards for the need, narrowness, and intrusiveness of

11 injunctive relief under the Prison Litigation Reform Act, but also recognizes the material

12 improvements at HDSP to address the issue for which Ross initially brought the motion for

13 injunctive relief. Accordingly, the preliminary injunction (ECF No. 44) is extended for another

14 30 days.

15 **III.      Conclusion**

16      IT IS THEREFORE ORDERED that the injunctive relief ordered in the March 3, 2023,

17 order **[ECF No. 44] is RENEWED and extended for 30 days**.

18      DATED: December 27, 2023

19

20                                                    _____
                                                      Cristina D. Silva
21                                                    United States District Judge

22

23

24

25

26

---

[2] 600 F.2d 189, 199 (9th Cir. 1979).